### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Report from the Springfield Division and, no prejudicial error having been found,

It is hereby

**ORDERED:** That the Clerk of the Springfield Division make the following entry in said case on the docket of said Court, namely: Report dismissed.

**William T. Walsh, P.J.**
**Greenberg, J.**
**Allan M. Guane, J.**

### COWAN & SONS, INC.
v.
### TOWN LINE, INC., et al.

### No. 293

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

### March 24, 1981

**Lawrence H. Fisher, Esq.** counsel for plaintiff
**Steven A. Kressler, Esq.** counsel for defendant

## OPINION

**LARKIN, J.** This is an action for deceit brought by the plaintiff, Cowan and Sons, Inc., to recover $25,639.86 from the individual defendants, Robert and Leonard Norman. The plaintiff's complaint joined as defendants both Townline, Inc. and the Normans in their individual capacities.

At the close of the trial, the trial judge found the corporate defendant, Townline liable to the plaintiff for the full amount due, but found no liability against the individual defendants. And it is this latter action which generates the instant appeal. It is the question of whether individual liability should exist on the record here which is the sole question before us.

The facts disclose that for almost two decades, the plaintiff sold meat products to the corporate defendant, Townline, on an "open account." The individual defendants, Robert and Leonard Norman, were the principal officers and stockholders of Townline at all relevant times. During the years 1975, 1976 and 1977 the financial condition of Townline was declining, as shown by the annual certificates of condition filed by the corporation. The plaintiff was apparently unaware of Townline's declining financial condition and continued to supply the meat products to Townline on open account without inquiring into the corporation's financial condition. Payment for the plaintiff's goods was always made by corporate check, and these payments continued until a fire occurred in December 1977. This fire caused Townline to go out of business.

In seeking to assert personal liability, plaintiff relies on three Massachusetts statutes. The first of these is Mass. G.L. c. 156B, sec. 62, which provides, in substance, that if a corporation loans any

of its assets to any director, officer or stockholder, then the directors assenting to such loans shall be jointly and severally liable to the corporation for any "damage" caused the corporation to the extent that such loans haven't been repaid.[1]

To date there has been no judicial construction of the term "damage" in the specific context of corporate loans but, on this record, the issue is not determinative. The trial judge, in his report, made supportable findings of fact that up until the time of the fire, Townline was conducting a going business and was solvent. Indeed, the plaintiff was receiving corporate checks in payment for goods supplied Townline up until a week before the fire occurred. The plaintiff did not show that the loans made to the defendants rendered the corporation bankrupt or damaged it to the extent that it could not continue as an on-going business, but for the occurrence of the fire. Accordingly on the facts of this record, the loans made by Townline to the appellees cannot be said to have "damaged" Townline sufficient to render the appellees individually liable under G.L. 156B, sec. 62. The trial judge's finding of fact that Townline was solvent until destroyed must stand unless unsupported by the evidence and, on this record, we believe that there was sufficient evidence tending to show that Townline was able to continue conducting business until the fire despite the loans made to the appellees.

The second statute relied on by the appellant in seeking to assert personal liability against the defendants is G.L. chap. 156, sec. 37. This statute provides, in relevant part, that the directors of a corporation shall be jointly and severally liable for the debts of the corporation incurred between the time of assenting to a loan to a director and the time of the loan's repayment, to the extent of the loan. Relevant precedent in this area indicates that the purpose of the statute is to protect the creditors of the corporation and to prevent officers of the corporation from unfairly sharing in corporate funds which should go to the creditors. In establishing liability, the statute does not require a formal vote by the directors in making loans to a director, but only requires that the directors have "assented" to the making of the loans. The cases emphasize that officers of a corporation cannot be permitted to use corporate funds for their own personal benefit in disregard of the creditors and are obligated to return the loans to the corporation or its creditors when such a factual situation can be demonstrated. **National Refractories Co., Inc. v. Bay State Builders Supply Co., Inc.,** 334 Mass 541 (1956).

However, personal liability of directors under c. 156. sec. 37 may only be enforced provided that before a suit to enforce such liability is brought by a creditor of the corporation, a written demand by or on behalf of the creditor upon such corporation for the payment of his claim has been made, and the corporation has neglected to pay it for 10 days thereafter. **Mosely v. Briggs Realty Co.,** 320 Mass 278 (1946), citing G.L. c. 156, sec. 38. Even in **National Refractories, supra,** all the requirements of secs. 37 and 38 had been complied with by the creditors prior to the creditors bringing suit. In the present case, the trial court has made no findings of fact indicating that the plaintiff has complied with the requirements of sec. 38 before seeking to impose personal liability on the defendants by use of sec. 37. Therefore, on the facts of this record, again, it appears that the plaintiff cannot avail himself of sec. 37 relief.

The third statute under which the appellant seeks to impose personal liability on the defendants is G.L. chap.

---

[1]The record indicates that the individual defendants received loans which aggregated $13,265.00 from the corporation over the course of the years here at issue. These loans were not repaid to the corporation.

156, sec. 36. This statute provides in relevant part that the directors of a corporation shall be jointly and severally liable for the corporation's debts if any statement or report required by law is made by them which is false in any material representation and which they knew to be false. In addition, the statute provides that the directors will be liable only to persons who relied on such false reports to their damage.

Since its adoption, sec. 36 has undergone numerous revisions in its language, but, despite these revisions, relevant precedent makes clear that the purview of the statute applies only to **written** statements or reports, and not to **oral** ones. Thus one of the earliest cases under the statute found fraud in the language of a written circular sent to potential creditors, **Graves v. Morgan,** 182 Mass 162 (1902), while later cases all found individual liability on the director's part only on the demonstration of a written report containing false information. **Dustin v. Randall Faichney Corp.,** 263 Mass 99 (1928); **United Oil Co. v. Eager Transportation Co.,** 273 Mass 372 (1930) (certificate of condition containing false statement of assets and liabilities); **H. B. Humphrey Co. v. Pollack Sled Co.,** 278 Mass 350 (1932) (false certificate of condition); **Standard Oil Co. v. Back Bay Hotels Garage,** 285 Mass 129 (1934) (certificate of condition claimed to be false in material representations of real estate values). Subsequent cases also imposed individual liability not on false certificates of condition but on the articles of organization of the corporation. **Simons Wool Stock v. Clifford Steacie Co.,** 303 Mass ?. 1 (1939) (articles of organization constitute a statement or report within sec. 36); **Enterprise Wall Paper Manufacturing Co. v. Gordon,** 312 Mass 1 (1942) (plaintiff relied on articles of organization in extending credit where articles contained false statements); **Henry F. Michell Co. v. Fitzgerald,** 353 Mass 118 (1976).

Again a review of the cases shows that a common factor among all these cases is that the individual defendant signed a written statement or report on the corporation which the plaintiff later relied upon. In the present case, the appellant is seeking to hold the appellees liable for their corporation's debt merely on the basis of a claimed oral representation by the appellees that the appellant "would be paid." Reviewing these cases and their unifying rationale it is our view that plaintiff cannot impose individual liability on the defendants on the basis of their oral statements. Rather, to successfully assert such liability, the plaintiff would have to demonstrate that it relied upon some written statement, signed by the defendants, which contained a false representation which the appellees knew to be false. Since the plaintiff neither requested a written statement of the condition of the corporation nor relied upon the certificate of condition filed by the corporation, the plaintiff cannot now seek to impose individual liability on the appellees under sec. 36.

In addition, under G.L. ch. 259, sec. 4, it is clear that no action can be brought against a person for a representation or assurance made concerning the character, credit or ability of another person unless that representation or assurance was in writing and signed by the party to be charged. G.L. c. 4, sec. 7 defines "person" as including corporations, thereby bringing this case within the statute's scope. In **McKinney v. Whiting,** 90 Mass 207 (1864), the defendant, treasurer of a corporation, in order to induce the plaintiff to accept notes of the corporation in partial payment for horses sold to the corporation, represented to the plaintiff that the corporation was perfectly good, when in fact the defendant knew the company was insolvent. The allegations in the plaintiff's declaration were that the false

representations were made concerning the credit of the corporation with the intent to induce the plaintiff to give credit to the corporation. The court held that because of the statute, the action could not be maintained unless the representations were in writing.

The Court made the distinction that the action might have been maintained upon parol proof of the representations if the representations had been made with the intent and design to sell goods to the defendant himself on credit. In the instant case, the defendants made oral representations to the appellant that it would be paid, and on the basis of these oral representations the appellant extended credit to Townline. Since the appellees made the representation with the intent of maintaining credit for the corporation and not themselves, c. 259 sec. 4 precludes the plaintiff from imposing individual liability on the defendants unless their representations were in writing and signed by them.

In summary, because of the appellant's failure to meet the requirements of G.L. c. 156B sec. 62, c. 156 secs. 36 and 37, as well as c. 259 sec. 4, we hold the trial court was correct in ruling that the corporate defendant was liable to the plaintiff but that the individual defendants bear, no personal liability. Therefore the judgment of the trial court is affirmed and the report dismissed.

**William T. Walsh**
**Frank Larkin**
**Justices**